**SO ORDERED.**

**SIGNED this 28 day of April, 2008.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

IN RE:

    KEVIN PRESTON and
    PHYLLIS BYERS COOK,

        Debtors.                      Case No. 07-04602-8-JRL
                                                  Chapter 11

_____

**ORDER**

This case is before the court on the objection to exemptions filed by the Bankruptcy Administrator (BA). On April 22, 2008, the court conducted a hearing on this matter in Wilmington, North Carolina.

The debtors filed Chapter 11 on December 5, 2007. The debtors' petition and schedules reflect ownership of several businesses: (1) Carolina Home Mortgage Co., (2) Office Holdings, LLC, (3) RR&D, LP, and (4) Phyllis Cook, DDS, PA. Office Holdings, LLC owns the building in which the female debtor operates her dental practice. RR&D, LP owns a boat and trailer, an airplane, and a 1.48% interest in an undeveloped real estate project. The debtors also own real estate in Wilmington, Wrightsville Beach, and Chapel Hill, North Carolina. The debtors each claim a $13,500.00 exemption in their residence. In addition, the debtors each claim an exemption in Office

Holdings, LLC, RR&D, LP, and Phyllis Cook, DDS, PA. The debtors indicate on Schedules B and C that the value of each business is $1.00 and the individual debtors exempt a value of $0.50 in each. The BA objects to the debtors' exemptions to the extent the debtors seek to exempt any and all value over $1.00 in Office Holdings, LLC, RR&D, LP, and Phyllis Cook, DDS, PA.

Section 522(l) of the Bankruptcy Code requires debtors to file a list of property that the debtors claim as exempt. 11 U.S.C. § 522(1). Any party in interest may file an objection to the exemptions within thirty days after the meeting creditors. Bankr. R. 4003(b). The objecting party has the burden of proving that the exemptions are not properly claimed. Id. At the hearing, the BA expressed concern that the debtors assigned nominal values to the businesses in order to distort the liquidation analysis, but presented no evidence as to the actual value of the businesses. However, the debtors contend that the values fairly and accurately reflect the value of the businesses on the date of the Chapter 11 petition.

Based on the foregoing, the court finds that the value of the debtors' businesses reflected on Schedule C fair and accurately represent the value of the businesses on the date of the Chapter 11 petition. Therefore, the objection of the BA is overruled.

"END OF DOCUMENT"